# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| PAVARTHI, LLC, *et al.*, | CASE NO. 3:22-CV-0461-DAC |
| Plaintiffs, | MAGISTRATE JUDGE DARRELL A. CLAY |
| v. | **MEMORANDUM OPINION DENYING MOTION TO DISMISS** [ECF #11] |
| CITY OF TOLEDO, OHIO, *et al.*, | |
| Defendants. | |

Plaintiffs Pavarthi, LLC, Benjamin Randall, and Grenwick Property Holdings, LLC commenced this action, challenging certain provisions of the Toledo Municipal Code relating to nuisance abatement. (ECF #1 at PageID 2). Defendants are the City of Toledo, Dennis Kennedy (in his official capacity as Commissioner of Code enforcement of the City of Toledo), and Cristy Cordell (in her official capacity as a Code Enforcement Inspector for the City of Toledo). (*Id.* at PageID 1). After filing an Answer (ECF #8), Defendants then filed a Motion to Dismiss the Complaint, invoking the doctrine of *Younger* abstention (ECF #11 at PageID 451; *see also Younger v. Harris*, 401 U.S. 37 (1971)).

On June 24, 2022, the parties filed their Report of Parties' Planning Meeting. (ECF #13). At that time, they consented to my exercising jurisdiction over this matter pursuant to 28 U.S.C. § 636(c)(1). (*Id.*). This case was assigned to me the same day. (Non-document entry of June 24, 2022).

For the reasons that follow, Defendants' Motion to Dismiss is **DENIED**.

1

## BACKGROUND FACTS[1]

Pavarthi is a Nevada limited liability company that owns real property located on Woodruff Avenue in Toledo. (ECF #1 at PageID 2). Grenwick is an Ohio limited liability company that owns real property located on Parkwood Avenue in Toledo. (*Id.*) Mr. Randall is the sole member of Pavarthi and the Managing Member of Grenwick. (*Id.*)

Chapters 1725 and 1726 of the Toledo Municipal Code address nuisances and their abatement. (*Id.* at PageID 5-6 & Ex. A). Chapter 1725 generally defines nuisances, while Chapter 1726 details the abatement process. (*Id.* at Ex. A). When a nuisance raises immediate danger to the public health, safety, or welfare, a summary abatement order may issue. (*Id.*; *see also* Toledo Mun. Code § 1726.02(a)). In all other cases of nuisance not requiring summary abatement, "regular abatement procedures shall be implemented." Toledo Mun. Code § 1726.03(a). A violation of the nuisance law is a first-degree misdemeanor, and can result in the property owner being fined, the issuance of a corrective order, and/or and order directing the defendant "to correct all existing Health Code violations and/or . . . to occupy the property which is the subject of any violation for a designated period of time." *Id.* at § 1726.99.

Plaintiffs' Complaint alleges that Pavarthi "is now facing criminal charges in Toledo's Housing Court" and that Grenwick "has been served with a Summary Nuisance Abatement order." (ECF #1 at PageID 9). Both appear to relate to allegations that the Plaintiff limited liability companies allowed alleged nuisance conditions to exist on their properties. (*Id.* at PageID 8-9). Plaintiffs request a declaratory judgment, injunctive relief, and an award of costs, damages, and expenses incurred in bringing this action, including for attorney fees. (*Id.* at PageID 15).

On June 13, 2022, Defendants filed their Motion to Dismiss, or in the Alternative, Motion to Stay Proceedings. (ECF #11). Defendants acknowledged that "Plaintiff [*sic*] is the defendant in the criminal case *City of Toledo v. PAVARTHI A NEVADA LLC*, Case No. CRB-21-07822," pending in Toledo Municipal Court. (*Id.* at PageID 449). Defendants noted that if this case were to proceed, Mr. Randall "could refuse to answer questions based upon his 5th Amendment Right against self-incrimination." (*Id.* at PageID 451). Defendants invoked *Younger*, and asked that this

---

[1] When considering a motion to dismiss, I "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

case either be dismissed without prejudice or stayed pending the outcome of the charges against Plaintiffs in Toledo Municipal Court. (*Id.*).

Plaintiffs opposed Defendants' request, but do not directly dispute that *Younger* abstention may apply. Rather, Plaintiffs argued that another case Defendants cited, *Heck v. Humphrey*, 512 U.S. 477 (1994), is factually distinguishable because the plaintiff there did not ask for injunctive relief as Plaintiffs did here. (ECF #15 at PageID 515).On July 7, 2022, Defendants filed a Reply Brief. (ECF #16). Subsequently, on August 2, 2022, responding to an order I issued, the parties filed a joint status report, indicating the Toledo Municipal Court proceedings against Pavarthi had been dismissed. (ECF #17). The filing does not indicate whether the dismissal was with or without prejudice, and the docket from the Toledo Municipal Court sheds no further light on this question.

## LAW AND ANALYSIS

Under *Younger* abstention, federal courts decline to hear cases when doing so may interfere with certain related state court proceedings. *Younger*, 401 U.S. at 49-54. Although *Younger* abstention is not *per se* mandatory, it is a recognition of strong restraints based on comity and an appropriate degree of deference to a state court's proceedings – so called "Our Federalism." *Id.* at 45. As the Supreme Court has explained:

> This policy of restraint . . . is founded on the "basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." When a federal court is asked to interfere with a pending state prosecution, established doctrines of equity and comity are reinforced by the demands of federalism, which require that federal rights be protected in a manner that does not unduly interfere with the legitimate functioning of the judicial systems of the States. Accordingly, the Court held that in the absence of exceptional circumstances creating a threat of irreparable injury "both great and immediate," a federal court must not intervene by way of either injunction or declaratory judgment in a pending state criminal prosecution.

*Kugler v. Helfant*, 421 U.S. 117, 123 (1975) (quoting *Younger*, 401 U.S. at 43-44). *Younger* abstention thus reflects "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

But even when parallel state proceedings are ongoing, abstention is the "*exception*, not the rule." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 81-82 (2013) (emphasis added, internal quotations omitted). Accordingly, the Supreme Court has clarified that *Younger* abstention applies to three types of state proceedings that present "exceptional circumstances" – state criminal prosecutions, state civil proceedings bearing a close relationship to criminal proceedings, and cases implicating a state's interest in performing judicial functions. *Id.* at 72-73, 78; *see also New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 367-68 (1989). Furthermore, even if the state court proceeding is the type of case appropriate for *Younger* abstention, the court must weigh the so-called *Middlesex* factors. *See Middlesex Cnty. Ethics Comm.*, 457 U.S. at 432. Under this test, to support a request for *Younger* abstention, the moving party must show:

1. There is an ongoing state proceeding;[2]
2. The state proceeding involves important state interests; and
3. The state proceeding, including all available appeals, provides an opportunity to raise constitutional challenges.

*Id.* If these elements are satisfied, "the court does not automatically abstain, but abstains only if there is a *Younger*-based *reason* to abstain—i.e., if the court's action would enjoin, or have the practical effect of enjoining, ongoing state court proceedings." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007) (emphasis in original).

Finally, certain exceptions may warrant a federal court hearing the case despite all requirements for *Younger* abstention otherwise being satisfied. Such circumstances are not defined by a bright-line test, but rather by the type of circumstances that "render the state court incapable of fairly and fully adjudicating the federal issues before it." *Kugler*, 421 U.S. at 124-25. Exceptional circumstances warranting federal intervention might include:

- Bad faith, retaliatory prosecution, harassment by public officials, or prosecutorial misconduct. *Id.* at 125-26.

---

[2] The appellate review process can also serve as an "ongoing state proceeding" under *Younger*. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) ("[A] necessary concomitant of Younger is that a party in appellee's posture must exhaust his state appellate remedies before seeking relief in the District Court, unless he can bring himself within one of the exceptions specified in Younger.")

- A state attempt to enforce a statute previously found facially unconstitutional. *Mulholland v. Marion Cnty. Election Bd.*, 746 F.3d 811, 818 (7th Cir. 2014).

- A state proceeding so biased that a fair decision on federal claims was impossible. *Gibson v. Berryhill*, 411 U.S. 564, 577-80 (1973).

- Proceeding with a state court action would violate the Fifth Amendment's prohibition against double jeopardy. *Gilliam v. Foster*, 75 F.3d 881, 904-05 (4th Cir. 1996).

Having considered all of the above, I conclude *Younger* abstention was potentially applicable when Defendants originally filed their Motion to Dismiss.[3] "Abstention is based upon the theory that '[t]he accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.'" *Middlesex*, 457 U.S. at 435 (quoting *Younger*, 401 U.S. at 45). Because the Toledo Municipal Court prosecution in question was a criminal proceeding (with attendant misdemeanor penalties), it was the type of case contemplated by *Younger* abstention. And Plaintiffs did not argue that proceedings in the Toledo Municipal Court would have failed to provide them with adequate protection.

But the subsequent dismissal of the Toledo Municipal Court prosecution now counsels against granting Defendants' motion. The considerations that compel *Younger* abstention in the first place no longer exist when the underlying state court proceedings have concluded. *See Dean v. Mississippi Bd. of Bar Admissions*, 326 Fed. App'x 760, 763 (5th Cir. 2009) ("Because the Mississippi Supreme Court rendered a final decision while this appeal was pending, there is no longer an 'ongoing state judicial proceeding,' and therefore whether *Younger* abstention is appropriate is now MOOT."). Indeed, if I ordered dismissal (or a stay) of this case under *Younger*, it is possible Plaintiffs could then immediately file a new action (or move to reopen this one), at which time there would no longer be a pending state court prosecution forming the basis for abstention. Case

---

[3] In *Zalman v. Armstrong*, 802 F.2d 199, 204 (6th Cir. 1986), the Sixth Circuit held "that the proper time of reference for determining the applicability of *Younger* abstention is the time that the federal complaint is filed." *Id.* at 204. Under this standard, if a state court proceeding is pending at the time the federal court action is filed, the first criteria for *Younger* abstention is satisfied. *See Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988).

law uniformly holds that a court should refrain from ordering a vain or futile act,[4] which is what dismissal or stay of this proceeding would be at this time, given the dismissal of the Toledo Municipal Court proceedings. Put simply, any decision I may now make on the merits of Plaintiffs' Complaint will not "enjoin, or have the practical effect of enjoining, [any] ongoing state court proceedings." *AmerisourceBergen Corp.*, 495 F.3d at 1149. There is thus no *Younger*-based reason to abstain at this time.

## CONCLUSION

For the foregoing reasons, I hereby **DENY** Defendants' Motion to Dismiss. This matter will be set for a Case Management Conference in the near future.

**IT IS SO ORDERED.**

Dated: August 10, 2022

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

---

[4] *See, e.g., Hunt v. Palao*, 45 U.S. 589, 590–91 (1846) ("it would be useless and vain for this court to issue a writ of error, and bring up the record, and proceed to judgment upon it, when, as the law now stands, no means or process is authorized by which our judgment could be executed"); *Fine v. CSX Transp., Inc.*, No. 99–1645, 2000 WL 1206526, at *2 (6th Cir. Aug. 18, 2000) ("the law requires no one to do a vain or useless thing"); *Kile v. Int'l Truck & Engine Corp.*, 399 F. Supp. 2d 829, 834 (M.D. Tenn. 2005) ("There is a well-recognized common law maxim that 'the law will not indulge in idle formalities, or do vain or futile acts.'") (cleaned up).